**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDUARDO ALFREDO VERA-MORLAS, a.k.a. Eduardo Vera Morales, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73601 <br><br> Agency No. A034-188-057 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Eduardo Alfredo Vera-Morlas, a native and citizen of Ecuador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo questions of law, including whether a conviction qualifies as a crime involving moral turpitude. *See Galeana-Mendoza v. Gonzales*, 465 F.3d 1054, 1056-57 (9th Cir. 2006). We deny the petition for review.

We disagree with Vera-Morlas' contention that the BIA's order specifically limited the proceedings on remand and that the government therefore was barred from filing additional charges of removability on remand. *See* 8 C.F.R. § 1240.10(e) ("At any time during the proceeding, additional or substituted charges of [removability]...may be lodged"). In addition, the doctrine of res judicata does not bar the government from filing additional charges of removability against Vera-Morlas because the BIA's remand order is not a final judgment, rendered on the merits in a separate action. *See Valencia-Alvarez v. Gonzales*, 469 F.3d 1319, 1323-24 (9th Cir. 2006).

The agency properly found Vera-Morlas removable under 8 U.S.C. § 1227(a)(2)(A)(ii) by determining that his petty theft and grand theft convictions are categorically crimes involving moral turpitude. *See United States v. Esparza-Ponce*, 193 F.3d 1133, 1136-37 (9th Cir. 1999) (holding that petty theft constitutes a crime involving moral turpitude); *see also Rashtabadi v. INS*, 23 F.3d 1562, 1568 (9th Cir. 1994) (holding that grand theft is a crime involving moral turpitude).

Vera-Morlas' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**